[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14840
Non-Argument Calendar

_____

D. C. Docket No. 4:10-cr-00484-VEH-RRA-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOAQUIN LARA, JR.,
a.k.a. JJ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 17, 2012)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Joaquin Lara, Jr., appeals his convictions for one count of conspiring to distribute and possess with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), and two counts of distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On appeal, Lara argues that the district court committed reversible error by admitting into evidence out-of-court statements made by three of his alleged co-conspirators, Karen Hernandez, Omar Perez, and Hector Tafolla. He contends that the statements were made during the course of, and in furtherance of, two smaller drug distribution conspiracies to which he was not a party, and therefore, that the district court abused its discretion by admitting the statements pursuant to Federal Rule of Evidence 801(d)(2)(E).

We review a district court's admission of evidence for an abuse of discretion. United States v. Underwood, 446 F.3d 1340, 1345 (11th Cir. 2006). We review a district court's factual findings that the requirements of Rule 801(d)(2)(E) were met under the clearly erroneous standard. United States v. Matthews, 431 F.3d 1296, 1308 (11th Cir. 2005). "A finding of fact is clearly erroneous when after reviewing the entire evidence the reviewing court is left with a definite and firm conviction that a mistake has been committed." United States v. Turner, 871 F.2d 1574, 1581 (11th Cir. 1989) (quotations omitted).

Hearsay is generally inadmissible.  Fed. R. Evid. 802.  However, an out-of-court statement is not hearsay if it "is offered against a party and is . . . a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy."  Fed. R. Evid. 801(d)(2)(E).  As a prerequisite to the admission of a co-conspirator's statement, the government, as the proponent, "must prove by a preponderance of the evidence that (1) a conspiracy existed, (2) the conspiracy included the declarant and the defendant against whom the statement is offered, and (3) the statement was made during the course of and in furtherance of the conspiracy."  Underwood, 446 F.3d at 1345-46.  When determining whether these conditions have been satisfied, the district court may rely on information provided by the co-conspirator's proffered statement, as well as independent external evidence.  United States v. Byrom, 910 F.2d 725, 735 (11th Cir. 1990).

To determine whether the evidence established a single conspiracy, we consider: "(1) whether a common goal existed; (2) the nature of the underlying scheme; and (3) the overlap of participants."  United States v. Calderon, 127 F.3d 1314, 1327 (11th Cir. 1997).  Particularly with drug distribution conspiracies, it is often possible "to divide a single conspiracy into sub-agreements," but the "key is to determine whether the different sub-groups are acting in furtherance of one overarching plan."  Id. at 1329.  "It is irrelevant that particular conspirators may

3

not have known other conspirators or may not have participated in every stage of the conspiracy; all that the government must prove is an agreement or common purpose to violate the law and intentional joining in this goal by co-conspirators." United States v. Edouard, 485 F.3d 1324, 1347 (11th Cir. 2007) (quotations, alterations and emphasis omitted).

The district court did not clearly err in determining that the government had demonstrated, by a preponderance of the evidence, that an overarching single conspiracy existed between April 2010 and December 2010 for the purpose of distributing methamphetamine;[1] that Lara was a party to the conspiracy at the time of Hernandez, Perez, and Tafolla's statements in June 2010;[2] and that these statements were made during the course of and in furtherance of the conspiracy. See Underwood, 446 F.3d at 1345-46.  Thus, the district court did not abuse its discretion by allowing the government to use these co-conspirators' statements at trial.

---

[1]    There was evidence establishing a single conspiracy in that (1) there was a common goal to distribute methamphetamine; (2) the April and June transactions were all arranged by Hernandez via cellular phone; (3) and Hernandez was involved in each of the three transactions.  See Calderon, 127 F.3d at 1327.

[2]    There was evidence that Lara was an active participant in an April 2010 methamphetamine transaction involving Hernandez and a confidential informant.  Furthermore, there was evidence that Lara was still involved in the conspiracy in September 2010 through December 2010.

After review of the record, and consideration of the parties' briefs on appeal, we affirm Lara's convictions.

**AFFIRMED.**